6653

## VON LEHE v. ATLANTIC COAST LINE R. R. CO.

This case is ruled by *Charles* v. *R. R. Co., ante,* 36.

Before PURDY, J., Colleton, February, 1907. Affirmed.

Action by A. Von Lehe against Atlantic Coast Line R. R. Co. From order of Circuit Court, affirming judgment of Magistrate J. E. Bryan, defendant appeals.

*Mr. W. Huger Fitzsimons,* for appellant, cites: *Act 24, Stat. 81, is void as to interstate shipments:* 196 U. S., 194; 43 S. C., 461; 36 S. C., 110; 19 S. C., 353; 75 S. C., 321; 39 S. C., 56. *Skipper case was not authority for Circuit Judge's decision:* 73 S. C., 71, 140; 69 S. C., 322; 72 S. C., 87; 71 S. C., 274; 72 S. C., 483; 75 S. C., 21; 169 U. S., 311; 201 U. S., 321; 196 U. S., 194.

*Mr. J. S. Griffin,* contra, cites: *The question of con-stitutionality of the act* 24 *Stat.* 81, *is settled by the cases of this State: Seegers Bros.* v. *S. A. L. Ry.*; 75 S. C., 276; 196 U. S., 194; 169 U. S., 133.

September 11, 1907. The opinion of the Court was de-livered by

MR. JUSTICE WOODS. This action was brought for five dollars and thirty cents, the value of one cheese with freight paid thereon, shipped by Leman Brothers from New York, and consigned to the plaintiff at Walterboro, S. C., and the statutory penalty of fifty dollars. According to the plain-tiff's evidence, all the rest of the goods with which the cheese was shipped were safely delivered by the defendant, Atlantic Coast Line Railroad Company, and under the case of *Brad-ley* v. *Ry. Co.,* 77 S. C., 317, this gave rise to the presump-tion that the cheese was lost on the defendant's railroad. The defendant's freight agent at Charleston testified, however,

the cheese was short when the lot of goods came to the defendant railroad from the Clyde Line Steamship Company From this testimony the magistrate found that the cheese never came into the possession of the defendant from the connecting carrier; but he nevertheless held the defendant liable for the value of the cheese, freight and penalty, and gave judgment accordingly.

In appealing to the Circuit Court defendant alleged error in holding it liable for goods not lost on its own line when it had made proof of its inability to trace the loss after due diligence. But the appeal to this Court from the decision of the Circuit Court is on the sole ground that the penalty act of February, 1903 (24 Stat., 81), is unconstitutional. As that statute has been recently considered and held to be constitutional in *Charles* v. *R. R. Co., ante,* 36, the appeal must fail.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.